TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
United States Attorney
Nevada Bar Number 8264
AFROZA YEASMIN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Afroza.Yeasmin@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00351-APG-EJY |
| Plaintiff, | **Stipulation for Protective Order** |
| v. | |
| TINATHERESA POTO-NUNU, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Afroza Yeasmin, Assistant United States Attorney, counsel for the Government, and Keisha K. Matthews, Assistant Federal Public Defender, counsel for Defendant TinaTheresa Poto-Nunu, that this Court issue this Protective Order, protecting from disclosure to the public, or any third party not directly related to this case, any and all unredacted discovery (the "Protected Material") in this case. The parties state as follows:

1.  On December 9, 2025, a three-count indictment was filed charging the defendant with Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and Money Transactions in Criminally Derived Property, in violation of 18 U.S.C § 1957.

2.  The trial is currently scheduled for February 9, 2026.

3. The government is preparing to produce discovery in excess of 15,000 bates-stamped items to defense counsel. Some of the Bates stamped items contain multiple files, financial information, other personal identifying information, and some consist of recordings and charts.

4. This case involves the defendant accessing a state database to obtain personal and financial information of decedents in order to fraudulently gain access of, and move money from, numerous decedent's financial accounts. In order to protect these victims, other potential victims, witnesses, and unrelated persons involved in and revelated by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: the attorneys for the defendant, and any personal that all attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individual specifically authorized by the Court (collectively, the "Covered Individuals").

5. Without leave of Court, the Covered Individuals shall not:

    a. Make copies, or allow copies of any kind to be made by any other person of the Protected material in this case;

    b. Allow any other person to read, listen, or otherwise review the Protected Material;

    c. Use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

      d. Attach the Protected Material to any pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

6. The named defendant may review the discovery in this case in the presence of a Covered Individual, however, the defendant my not possess any Protected Material outside the presence of a Covered Individual, without leave of Court.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1).

10. In the event of a disclosure of the Protected Material in violation of this Protective Order (inadvertent or otherwise), the parties will immediately:

      a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order and request any such material be returned;

      b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

      c. Notify the other party and the Court in a public filing of the existence and nature of any violation of this Protective Order.

11. The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1).

DATED this 12th day of January 2026.

<div style="display:flex">

RENE L. VALLADARES
Federal Public Defender

/s/ *Keisha K. Matthews*
KEISHA K. MATTHEWS
Assistant Federal Public Defender

</div>

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General of the United States Attorney

/s/ *Afroza Yeasmin*
AFROZA YEASMIN
Assistant United States Attorney

**ORDER**

For good cause shown, IT IS SO ORDERED this 13th day of January, 2026.

_____
HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE